## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BERNARD KELLY**                                    **CIVIL ACTION**

**VERSUS**                                           **NO.  16-1779**

**STATE OF LOUISIANA**                               **SECTION "N"(2)**

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.    FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Bernard Kelly, was charged on December 17, 1999, by bill of information in Orleans Parish with attempted kidnapping.[2]  He initially entered a not guilty plea on January 24, 2000.[3]

A competency hearing was held on February 22, 2000, and based on the testimony from the appointed psychiatrist and the stipulated testimony of the psychologist, the state trial court found that Kelly was not competent to proceed to trial.[4]  He was committed to the East Louisiana State Hospital, Forensic Division ("ELMH"), in Jackson, Louisiana, for evaluation and treatment.[5]

Following more than 18 months of evaluation and treatment and based on the testimony and reports from the lunacy commission, on November 6, 2001, the state trial court determined that Kelly was competent to proceed to trial.[6]  Kelly later changed his plea of not guilty to not guilty by reason of insanity.[7]  With this plea, Kelly requested

---

[2]St. Rec. Vol. 1 of 1, Bill of Information, 12/17/99.

[3]St. Rec. Vol. 1 of 1, Minute Entry, 1/24/00.

[4]St. Rec. Vol. 1 of 1, Minute Entry, 2/22/00; Minute Entry, 2/1/00.

[5]St. Rec. Vol. 1 of 1, Minute Entry, 2/22/00; Trial Court Order, 2/22/00.

[6]St. Rec. Vol. 1 of 1, Minute Entry, 11/6/01; Trial Court Order, 11/6/01; Minute Entry, 8/14/01.

[7]St. Rec. Vol. 1 of 1, Minute Entry, 4/12/02; Hearing Transcript, 4/12/02.

appointment of a commission to evaluate his sanity at the time of the offense.[8] After review by the appointed sanity commission and hearings on June 6 and August 2, 2002, the state trial court found Kelly not guilty by reason of insanity and remanded him to ELMH.[9]

The state trial court conducted the mandatory periodic reviews of Kelly's mental health and need for continued treatment and confinement in ELMH.[10] After further medical review and a status hearing on September 8, 2004, the state trial court ordered on October 7, 2004, that Kelly be placed on supervised probation and required to reside at the Harmony Transitional Group Home.[11]

The state trial court continued to conduct its periodic and annual reviews of Kelly's mental health status and probation.[12] The court's last order maintaining Kelly's conditional release on supervised probation at the group home was issued on December 3, 2015, with its next such review scheduled for October 13, 2016.[13]

---

[8]St. Rec. Vol. 1 of 1, Minute Entry, 5/22/02.

[9]St. Rec. Vol. 1 of 1, Minute Entry, 8/2/02; Trial Court Order, 8/2/02; Minute Entry, 6/6/02.

[10]St. Rec. Vol. 1 of 1, Minute Entry, 1/16/03; Minute Entry, 10/22/03.

[11]St. Rec. Vol. 1 of 1, Minute Entry, 10/7/04; Trial Court Judgment, 10/7/04; Acknowledgment, 9/27/04; Minute Entry, 9/8/04.

[12]See, e.g., St. Rec. Vol. 1 of 1, Docket Entry, 10/25/07; Docket Entry, 11/13/08; Docket Entry, 10/15/09; Docket Entry, 10/28/10; Docket Entry, 11/30/10; Docket Entry, 11/29/11; Docket Entry, 11/29/12; Docket Entry, 11/7/13; Docket Entry, 7/22/14; Docket Entry, 10/30/14.

[13]St. Rec. Vol. 1 of 1, Docket Entry, 12/3/15.

Kelly has not sought state court appellate review of any of the state trial court's rulings, including the 2002 not guilty by reason of insanity verdict, the 2004 judgment of supervised probation and the numerous subsequent remand orders continuing his probation and returning him to reside at the group home.[14]

II.     FEDERAL HABEAS PETITION

On March 1, 2016, the clerk of this court filed Kelly's petition seeking federal habeas corpus relief under 28 U.S.C. § 2254 in which he seeks his release from supervised probation and the group home.[15]   Kelly asserts that he is not a danger to himself or society, that he is in compliance with and abides by the rules and regulations of the group home, and that his schizophrenia and chronic paranoia have been in remission since 2004.  Kelly also seeks relief from his untimely pursuit of federal habeas relief based on his pro se status.

In its answer in opposition to the petition, the State asserts that the petition was not timely filed within one year of the original judgment of probation issued in 2004 and alternatively, that Kelly has failed to exhaust state court remedies related to the state trial court's judgment and orders.[16]

---

[14]Rec. Doc. No. 7-1, 7-2.

[15]Rec. Doc. No. 1, pp. 4-5.

[16]Rec. Doc. No. 7.

4

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996,[17] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  Federal habeas corpus review may be available to challenge the legality of a state court order of commitment following a verdict of not guilty by reason of insanity.  See Francois v. Henderson, 850 F.2d 231 (5th Cir. 1988).  The AEDPA therefore applies to Kelly's petition, which, for reasons discussed below, is deemed filed in a federal court on February 25, 2016.[18]

The threshold questions in habeas review under the amended statute  are whether the petition is timely filed and whether the claim raised by the petitioner was adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies

---

[17]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[18]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  Kelly dated the signature on the his form petition on February 25, 2016.  This is the earliest date appearing in the record on which he could have submitted the documents to his custodian for mailing to a federal court.

and must not be in "procedural default" on a claim.  <u>Nobles</u>, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b), (c)).

The State contends that Kelly has failed to exhaust state court remedies and that he is untimely in his challenge to that order.  The record reflects that Kelly's federal petition was timely filed following the last state court order continuing his probationary status and confinement in the group home, so that the State's limitations defense cannot be accepted for the following reasons.

The record establishes that the last state court order continuing in place Kelly's probation and detention in the group home was issued on December 3, 2015.  Although Kelly did not seek state appellate court review of that ruling, he would have had thirty (30) days, or until Monday, January 4, 2016,[19] to do so under La. App. R. 4-1 & 4-5. Under the AEDPA limitations provisions codified at 28 U.S.C. § 2244, Kelly would have had one year from that date to seek federal review, which he did.  <u>See</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 179-80 (2001).  Kelly signed and submitted his federal petition on February 25, 2016, and his federal petition therefore is timely before the court.

In addition, the state courts have maintained jurisdiction over Kelly to conduct periodic hearings and to order probation or commitment under La. Code Crim. P. art. 654 <u>et</u> <u>seq</u>.  As a result, the state trial court has annually conducted its required review and

---

[19]The thirtieth day was Saturday, January 2, 2016, leaving the last day of the period to fall to the next business day, Monday, January 4, 2016.  Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

immediately scheduled its next status review.  The unusual circumstances of continued review would at least warrant equitable tolling of the limitations period should it be found to have run from an earlier date.  See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (equitable tolling warranted when petitioner was actively misled or prevented in an extraordinary way from asserting his rights.)

Although I find the State's limitation argument unavailing, the State's exhaustion defense has merit and Kelly's federal petition should be dismissed without prejudice for failure to exhaust state court remedies.

IV.     EXHAUSTION OF STATE COURT REMEDIES

The State contends that Kelly failed to exhaust his state court remedies because he did not challenge any of the state trial court's orders, including the initial probation order and the subsequent renewals of the probation status, in the state appellate court or the Louisiana Supreme Court.  Kelly's current conditional release and placement in a group home stems from the state trial court's December 3, 2015, order maintaining his probation status and residence in the group home.  The record confirms that Kelly did not seek review of this ruling in any Louisiana Court of Appeal or the Louisiana Supreme Court.

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."  Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20

(1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)) (emphasis added). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); accord Duncan, 533 U.S. at 167. "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997).

In the instant case, Kelly has not challenged his insanity acquittal or his current (or any prior) probation order and group home placement in any Louisiana Court of Appeal or the Louisiana Supreme Court. The State has provided certifications from the Louisiana Fourth Circuit and Supreme Court which establish that Kelly has not sought

any review in either court in connection with his state criminal proceeding. Another state trial court review of his status is scheduled for October 13, 2016. At that time, Kelly will have a renewed opportunity to seek his release in the state trial court and then seek review of any order maintaining his probation status and group home placement in the higher state courts.

At this time, Kelly has failed to exhaust his state court remedies through Louisiana's highest court. His claims challenging his probation status and confinement in the group home should be dismissed without prejudice for failure to exhaust state court remedies.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Kelly's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[20]

        New Orleans, Louisiana, this \_\_\_\_20th\_\_\_\_ day of September, 2016.

                                            JOSEPH C. WILKINSON, JR.
                                  UNITED STATES MAGISTRATE JUDGE

---

[20]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.